UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVETTE ATKINS,
Administrator and Personal
Representative for the
ESTATE OF DANIEL NEWTON NEAL,

        Plaintiff,

v.

J.G. BENNETT, individually, R.A. BIAS, individually, M. GIBSON, individually, M. SOWELL, individually, and T.K. WATERS, SHERIFF, CITY OF JACKSONVILLE FLORIDA, in his official capacity,

        Defendants.

_____/

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff Marvette Atkins, as the Administrator and Personal Representative for the Estate of Daniel Newton Neal ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants J.G. Bennett, individually, R.A. Bias, individually, M. Gibson, individually, M. Sowell, individually (collectively referred to herein as the "Individual Defendants"), and Sheriff T.K. Waters, in his official capacity, (collectively referred to herein as the "Defendants"), for wrongful death and other damages in violation of Florida Statutes

§§ 768.16-768.26 and violation of federal civil rights law.  In support of her claims herein, Plaintiff alleges as follows:

## INTRODUCTION

This is an action to recover damages resulting from Defendants' wrongful acts against Daniel Newton Neal, whose death at age 37 years old was caused by a shooting outside of Mr. Neal's home at an apartment complex located at 7061 Old Kings Road in the City of Jacksonville, Duval County, Florida.  Defendants caused Mr. Neal's death after a Jacksonville Sheriff's Office officer shot him at least twice, and the lack of adequate medical care following that attack.  Plaintiff Marvette Atkins, Mr. Neal's mother and the personal representative of the Estate of Daniel Newton Neal, brings this lawsuit as a result of Defendants' multiple violations of Daniel Newton Neal's rights guaranteed by state and federal law.  Plaintiff alleges that the Jacksonville Sheriff's Office and its officers used excessive force upon the person of Daniel Newton Neal which proximately caused the personal injuries to, and the wrongful death of, Mr. Neal.  Mr. Neal, who was on his way home from his mother's residence, had done nothing to warrant the unauthorized shooting and was not provided adequate medical care thereafter.  Mr. Neal passed away at Memorial Hospital in the City of Jacksonville on February 22, 2021.

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, the Decedent Daniel Newton Neal ("Neal" or "Decedent"), was a citizen of the State of Florida.

2. Plaintiff Marvette Atkins is an adult female resident of the City of Jacksonville, Duval County, Florida. Plaintiff is the mother of Decedent, Daniel Newton Neal, and Plaintiff is duly qualified and appointed as administrator and personal representative of the Estate of Daniel Newton Neal.

3. Defendant Sheriff T.K. Waters (the "Sheriff") is the current Sheriff of the City of Jacksonville and is being sued in his official capacity. In addition, at all times relevant herein Defendant Sheriff is responsible for the training, supervision, discipline, control and conduct of detectives and officers of the Jacksonville Sheriff's Office.

4. Defendant J.G. Bennett was at all times relevant to this action a law enforcement officer employed by the Jacksonville Sheriff's Office.

5. Defendant R.A. Bias was at all times relevant to this action a law enforcement officer employed by the Jacksonville Sheriff's Office.

6. Defendant M. Gibson was at all times relevant to this action a law enforcement officer employed by the Jacksonville Sheriff's Office.

7. Defendant M. Sowell was at all times relevant to this action a law enforcement officer employed by the Jacksonville Sheriff's Office.

8.  This action is brought by Decedent's personal representative, Plaintiff Marvette Atkins, as legal representative of Decedent and on behalf of Decedent's heirs at law, including his daughter.

9.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, and 42 U.S.C. §§ 1983 and 1988.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

11. On or about February 21, 2021, Decedent jogged to his mother's apartment complex located at 3770 Toledo Road in Jacksonville, Florida.

12. Approximately 30 minutes later, Neal left his mother's apartment and headed to the apartment he shared with his girlfriend located at the apartment complex located at 7061 Old Kings Road S in Jacksonville, Florida.

13. The apartment complex at 3770 Toledo Road is adjacent to the apartment complex at 7061 Old Kings Road S.

14. On information and belief, prior to February 21, 2021, Defendant Bennett and other Jacksonville Sheriff's Office officers had previously seen Neal travel between his mother's apartment and his apartment.

15. In November 2020, Defendant Bennett arrested Neal's brother, Michael Neal, who was living at 3770 Toledo Road when he was arrested on or about November 27, 2020.

16. Upon Michael Neal's arrest, he was shown photographs of the area between Toledo and Old Kings Road where Michael Neal and Daniel Newton Neal frequently walked between their mother's apartment and Neal's apartment.

17. At all times relevant herein, there were Jacksonville Sheriff's Office law enforcement officers monitoring the surveillance cameras at the apartment complex located at 7061 Old Kings Road S where Neal resided.

18. At the time of Michael Neal's arrest by Defendant Bennett, upon information and belief, Defendant Bennett told Michael Neal something to the effect that Defendant Bennett would be coming after someone he loved or his family.

19. On February 21, 2021, the Individual Defendants participated in a "pre-deployment" meeting concerning surveillance and suspects at 7061 Old Kings Road S where Neal resided.

20. On February 21, 2021, despite the Individual Defendants' knowledge that Neal had left his mother's apartment to return to his apartment as was his normal practice, Defendant Bias while on observation radioed the deployment team consisting of the other Individual Defendants about Neal's movements.

21. Despite the Individual Defendants' knowledge that Neal had left his mother's apartment to return to his apartment as was his normal practice, Defendant Sowell, who was monitoring surveillance cameras at the apartment complex at 7061 Olds Kings Road S, alerted Defendant Bennett that Neal was headed towards

Defendant Bennett's location. At that time, Defendant Bennett was assigned to be covertly located at 7061 Olds Kings Road S near the community mail center. Defendant Bennett had parked his vehicle in a location which was hidden from view if one was taking the normal route to Neal's apartment from his mother's apartment.

22. Despite the knowledge of the Individual Defendants that Neal was in his own apartment complex after leaving his mother's apartment as was his normal practice, Defendant Bennett drew his gun and ran in pursuit of Neal.

23. As Neal ran up the outside stairs to his apartment, Defendant Bennett, without justification or provocation, shot Neal, including in the back of Neal's head.

24. The outside stairs and entrance door of Decedent's apartment Building 11 at 7061 Olds Kings Road S ("Building 11"), appeared during daylight as follows:



25. When Decedent was shot by Defendant Bennett during the early morning hours of February 21, 2021, Decedent was located at the entrance door to Building 11, where Decedent was attempting to gain entry. The following still photograph shows Neal attempting to gain entry to Building 11 near the time of Defendant Bennett's discharging his firearm at Neal:



26.    At the time of the shooting of Decedent by Defendant Bennett, Decedent was attempting to gain access to his apartment building, Building 11, and was not pointing a weapon in the direction of Defendant Bennett.

27.    At the time of the shooting of Decedent by Defendant Bennett, Defendant Bennett was clothed in covert undercover street clothing and not clothed in the uniform of a Jacksonville Sheriff's Office deputy.

28.    Following the shooting of Decedent by Defendant Bennett, Neal fell to the ground.

29.    Following the shooting of Decedent by Defendant Bennett, Neal was handcuffed and left by the Individual Defendants, *inter alia*, on the ground near his apartment building. No medical aid was promptly rendered to Decedent by the Individual Defendants, or anyone else.

30. Eventually, Neal was transported to Memorial Hospital located at 3625 University Boulevard, Jacksonville Florida 32216, where he remained until he died from his injuries on February 22, 2021.

31. Defendant Sheriff maintains a practice of using deadly force disproportionately on African-American citizens. Despite community complaints, Defendant Sheriff failed to remedy this practice and the practice injured Neal.

32. For example, on or about November 17, 2020, an African-American male, Devon Gregory, Jr., was pulled over for an alleged traffic stop and was shot and killed by Caucasian Jacksonville Sheriff's Office officers.

33. Additionally, on or about November 4, 2020, an African-American male, Justin Reed, was shot and killed by Caucasian Jacksonville Sheriff's Office officers.

34. Since June 2, 2015 until February 21, 2021, there have been approximately 59 officer-involved shootings reported by JSO. Of these shootings, 35 of the non-officer individuals involved were African-American. This means that about 70% of these individuals were African-American. *See* https://transparency.jaxsheriff.org/OIS.

35. As of 2017, it was reported that in "the last six years, Jacksonville police officers have shot 54 people — 40 of them black — killing 29." *See*

https://www.jacksonville.com/story/news/crime/2017/01/14/no-further-action-behind-closed-doors/15738997007/.

36. According to the 2021 census data, only 28.8% of Jacksonville's total population is African-American. *See* https://censusreporter.org/profiles/05000US12031-duval-county-fl/.

37. The Defendant Sheriff cooperated in or negligently failed to correct its custom or a policy to permit, facilitate, ratify, and condone the practice of shooting African-American individuals prior to the shooting death of Neal.

38. All conditions precedent to bringing this action have occurred, been satisfied or waived. Additionally, Plaintiff has provided notice to Defendants and others pursuant to Florida Statutes § 768.28 and City of Jacksonville Ord. Code § 112.203.

## COUNT ONE
### Wrongful Death in violation of Florida Statutes §§ 768.16-768.26
### (Sheriff Defendant)

39. Plaintiff hereby incorporates and re-alleges by reference the allegations in Paragraphs 1-38 above as if fully set forth herein.

40. The Decedent died as a result of a shooting and treatment by Defendant Sheriff's employees.

41. Neal's death occurred due to Defendant Bennett's unnecessary and excessive use of force and negligence, the participation of Defendants Sheriff,

Gibson, Bias, and Sowell in those said acts of Defendant Bennett as well as the lack of medical care and other wrongful acts of the Defendants.

42. The Defendants' negligent acts and omissions constitute proximate causes of the incident that resulted in the serious injuries to and the death of Decedent Daniel Newton Neal.

43. Defendant Sheriff's negligent custom and practice of allowing failure to train its employees on the proper use of force, including the use of deadly force, constitutes proximate cause of the incident that resulted in the serious injuries to and the death of Neal.

44. Defendant Walters's custom and practice of permitting its employees to use unnecessary force against citizens like Decedent as well as by its history of inaction, constitutes proximate cause of the incident that resulted in the serious injuries to and the death of Neal.

45. Defendants Bennett, Bias, Gibson, and Sowell were employees of Defendant Sheriff at the time of the attack and death of Neal. Pursuant to Florida Statute § 768.28(9), Defendant Sheriff is liable for the tortious actions of its employees, such as the Individual Defendants herein.

46. As a direct and foreseeable result of the negligent, careless and wrongful conduct of Defendant Sheriff and Defendants Bennett, Bias, Gibson and Sowell, Neal suffered serious injuries and death.

47. As a result of Neal's wrongful death, Neal and his survivors and his Estate were damaged by Defendant Sheriff with, among other ways, pain, loss of support and services, lost companionship, mental pain and suffering, a loss of earnings, and expenses.

## COUNT TWO
### Wrongful Death in violation of Florida Statutes §§ 768.16-768.26
### (All Individual Defendants)

48. Plaintiff hereby incorporates and re-alleges by reference the allegations in Paragraphs 1-38 above as if fully set forth herein.

49. The Decedent died as a result of a wrongful and unjustified shooting and treatment by Defendant Bennett, including the shooting of Neal twice while he posed no safety risk to Defendant Bennett, and the wrongful acts and participation of Defendants Gibson, Bias and Sowell in the said shooting of Neal.

50. Neal's death occurred due to Defendant Bennett's unnecessary and excessive use of force and negligence, the participation of Defendants Gibson, Bias, and Sowell in those said acts of Defendant Bennett as well as the lack of medical care and other wrongful acts of the Individual Defendants.

51. The Individual Defendants' negligent acts and omissions constitute proximate causes of the incident that resulted in the serious injuries to and the death of Neal.

52. As a direct and foreseeable result of the negligent, careless and wrongful conduct of the Individual Defendants, Neal suffered serious injuries and death.

53. As a result of Neal's wrongful death, Neal and his survivors and his Estate were damaged by the Individual Defendants with, among other ways, pain, loss of support and services, lost companionship, mental pain and suffering, a loss of earnings, and expenses.

### COUNT THREE
**Violation of Fourth Amendment Protections-Excessive Force-Pursuant to 42 U.S.C. § 1983
(Against Individual Defendants)**

54. Plaintiff hereby incorporates and re-alleges by reference the allegations in Paragraphs 1– 38 above as if fully set forth herein.

55. At no point prior to and/or during the use of force against Neal by Defendant Bennett did Defendant Bennett have legal justification for the use of deadly force.

56. As a citizen of the United States, Neal is protected against the use of excessive and deadly force without cause or justification as guaranteed by the Fourth Amendment and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

57. As more fully described in the preceding paragraphs, the intentional

13

conduct of the Individual Defendants was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

58. Defendants Bias, Gibson and Sowell were each present while the actions regarding Neal on February 21, 2021 were implemented and took no action to stop the attack on Neal or to intervene to aid Neal from suffering from the attack. Instead, Defendants Bias, Gibson and Sowell participated in the attack on Neal by assisting Defendant Bennett. Upon information and belief, Defendants Bias, Gibson and Sowell were also aware of the other's intentions to injure Neal when Bennett entered into pursuit of Bennett.

59. Following the attack on Neal, Defendant Bias applied handcuffs to Neal and Neal was left without medical attention for a significant period of time.

60. The act and omissions of Defendants Bennett, Bias, Gibson and Sowell were willful, wanton, reckless, intentional, conscious and malicious, and in deliberate disregard of Neal's Constitutional rights.

61. As a direct and proximate result of the actions of by Defendants Bennett, Bias, Gibson and Sowell, Decedent and Decedent's survivors and his Estate have suffered and will continue to suffer damages, including death, physical injuries, emotional distress, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, economic,

compensatory, consequential and punitive damages against the said Individual Defendants.

## COUNT FOUR
### Deliberate Indifference to Serious Medical Needs
### In Violation of 42 U.S.C. § 1983
### (All Individual Defendants)

62. Plaintiff incorporates and re-alleges by reference herein the allegations set forth in paragraphs 1–38 and 53-61 above as if fully set forth herein.

63. The actions of the Individual Defendants, as stated herein, indicate a deliberate indifference to the serious medical needs of Decedent.

64. The Individual Defendants failed to provide adequate medical attention or care to Neal following the shooting of Neal by Defendant Bennett. Instead, the Individual Defendants should have immediately applied emergency medical care and called emergency services to advise of Neal's life-threatening medical emergency and otherwise facilitate the same, but did not. Additionally, medical transportation for Neal to an appropriate medical facility was delayed in that the Individual Defendants failed to immediately contact medical providers. The delay in contacting medical providers and lack of care of Neal was intentional as he remained unresponsive prior to the application of any medical care.

65. The Individual Defendants, with knowledge of Decedent's serious medical needs and with deliberate indifference to such serious medical needs, acted or failed to act in such manner as to prevent him from obtaining needed medical

treatment and care and/or to prevent needed medical treatment and care from reaching the Decedent.

66. The actions and/or omissions of the Individual Defendants in being deliberately indifferent to Decedent's serious medical needs, are a direct and proximate cause of damage to Decedent's health and well-being.

67. The acts and omissions of the Individual Defendants in this case deprived Decedent of his clearly established rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

68. The acts and omissions of the Individual Defendants were willful, wanton, reckless, intentional, conscious and malicious and in deliberate disregard of Decedent's Constitutional rights.

69. As a direct and proximate result of the acts and omissions of the Individual Defendants, Decedent and Decedent's survivors and his Estate have suffered and will continue to suffer damages, including death, physical injuries, emotional distress, personal humiliation, mental anguish and embarrassment justifying an award including, but not limited to, economic, compensatory, consequential and punitive damages against the Individual Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the following relief against the Defendants herein:

1. Enter judgment in favor of Plaintiff on all Counts herein;

2. Award Plaintiff economic, compensatory, and other damages as determined by a jury pursuant to Florida Statutes §§ 728.21 *et seq.* to all survivors as well as the Estate of Daniel Newton Neal, including, but not limited to, pain, loss of support and services, mental pain and suffering, loss of earnings, and expenses;

3. Award Plaintiff economic, compensatory, and other damages as determined by a jury for violation of the federal civil rights of Decedent Daniel Newton Neal;

4. Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest;

5. Award Plaintiff punitive damages against Defendants Bennett, Gibson, Sowell and Bias in their individual capacity; and

6. Such other or further equitable and monetary relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims in this Complaint.

17

Date: February 20, 2023						Respectfully submitted,

							*/s/ Neil L. Henrichsen*
							Neil L. Henrichsen
							Fla. Bar No. 111503
							HENRICHSEN LAW GROUP PLLC
							301 W. Bay Street, Suite 1400
							Jacksonville, FL 32204
							Phone: (904)381-8183
							Fax: (904)212-2800
							nhenrichsen@hslawyers.com
							service@hslawyers.com
							Attorney for Plaintiff