UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVETTE ATKINS, etc.,

    Plaintiff,

v.                                                        CASE NO. 3:23-cv-187-WWB-SJH

J.G. BENNETT, etc., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Unopposed Joint Motion to Seal Under the Law Enforcement Privilege and Sections 119.071(2)(d) and 406.135(2)(a), Florida Statutes ("Motion"). Doc. 50. Defendants seek sealing of Exhibits 1-B, 1-E, 1-G, 1-N, 1-Q, and 8-F ("Subject Exhibits") to Defendants' Motions for Summary Judgment (Docs. 51-52) as they contain Jacksonville Sheriff's Office's ("JSO") surveillance techniques and tactical operations procedures, as well as autopsy photographs. *Id.* The Motion is unopposed. *Id.* at 3. The Motion is due to be **granted**.

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). This common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* The common-law "right of access is not absolute, however." *Id.* It "may be overcome by a showing of good cause,

which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing factors considered in balancing these interests). "Good cause 'generally signifies a sound basis or legitimate need to take judicial action.'" *Bastian v. United Servs. Auto. Ass'n*, No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430, at *1 (M.D. Fla. Dec. 8, 2014) (citation omitted).

The Subject Exhibits fall within two categories: (i) exhibits containing sensitive information regarding JSO's surveillance operations, including its techniques and procedures used in its investigations; and (ii) autopsy photographs. As to the first category, a qualified law-enforcement privilege protects against the disclosure of files and reports of criminal and civil law enforcement investigations. *See Wacko's Too, Inc. v. City of Jacksonville*, No. 3:20-cv-303-TJC-MCR, 2021 WL 4862665, at *4 (M.D. Fla. Oct. 19, 2021); *see also United States v. Van Horn*, 789 F.2d 1492, 1507-08 (11th Cir. 1986). The purposes behind such privilege are "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Wacko's Too, Inc.*, 2021 WL 4862665, at 4 (quotations omitted). The same purposes are served by, and provide good cause for, sealing here.[1] As to the

---

[1] The Court need not determine whether any of the Subject Exhibits, which have been shared with Plaintiff pursuant to the Protective Order in this case, are in fact subject to the law-enforcement privilege. It suffices to recognize that, for similar reasons underlying the privilege, good cause exists for sealing the exhibits.

2

second category, the sensitive nature of, and privacy interests in, the autopsy photographs also reflect good cause for sealing. *See Baxter v. Hendren*, 6:21-cv-718-CEM-LHP, 2023 WL 2664171, at *1 (M.D. Fla. Mar. 28, 2023).

In addition, "any information revealing surveillance techniques or procedures or personnel" is exempt from public disclosure pursuant to Florida's public records law under Fla. Stat. § 119.071(2)(d). Autopsy photographs are similarly exempt from public disclosure pursuant to Florida's public records law under Fla. Stat. § 406.135(2). The purposes behind these exemptions also are served by sealing. *See Baxter*, 2023 WL 2664171, at *1; *cf. Cardona v. Dixon*, No. 19-81567-CIV, 2022 WL 2158715, at *1 n.2 (S.D. Fla. June 14, 2022).

As such, Defendants have shown good cause to have the Court seal the Subject Exhibits. Due to the nature of the Subject Exhibits, there does not appear to be a less restrictive method available to protect the information therein. Finally, the privacy and confidentiality interests of protecting the information outweigh any interest the public may have. However, upon review the Court determines no need for the Motion itself (as opposed to its attachments) to remain under seal. The descriptions of the exhibits in the body of the Motion do not compromise the interests supporting sealing, and sealing the Motion itself would lessen a public understanding of the asserted interests in the exhibits to be sealed in the event a later motion to unseal were filed. Moreover, Local Rule 1.11(b)(8) generally contemplates that the items proposed for sealing, but not the corresponding motion and supporting memorandum of law itself, be provisionally sealed. Thus, the Court will direct that the Motion (main document) be

unsealed, with the attachments to the Motion remaining under seal. Consistent with Local Rule 1.11(d), such unsealing will be stayed for 14 days from this Order.

Accordingly, it is **ORDERED**:

1. The Motion is **granted**.

2. Absent a timely motion for relief as set forth in Local Rule 1.11(d), within 14 days hereof, the Clerk is **directed** to unseal only the main document of the Motion, docket entry 50, leaving its attachments sealed.

3. The Subject Exhibits (Exhibits 1-B, 1-E, 1-G, 1-N, 1-Q, and 8-F), which are attached to the Motion as docket entries 50-1 through 50-6, shall remain under seal until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida, on October 2, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record